UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MUHAMMAD SAI PHIPPS**,

    Plaintiff,

    v.

**MASJIDS, MOSQUES**, et al.,

    Defendants.

Case No. 21-cv-2982 (CRC)

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a complaint and motion to appoint counsel. ECF Nos. 3, 7.[1] The court will dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. And it will deny the pending motion to appoint counsel as moot.

Although not held to the same stringent standards as are seasoned lawyers, *pro se* litigants must still comply with the Federal Rules of Civil Procedure. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C.

---

[1] The Court notes that Mr. Phipps filed a complaint, ECF No. 1, an amended complaint, ECF No. 7, and four "errata," which include additional "evidence" and two copies of his "complete complaint," ECF Nos. 8-11. The Court did not grant Phipps leave to file a second or third amended complaint, and therefore only considers the first. See Fed. R. Civ. P. 15(a)(2). Even if the Court were to consider Phipps's "corrected" pleadings, it would not change the Court's decision, as these documents are all largely the same. See ECF Nos. 7, 10, 11.

1977).  A pleading "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard." Jiggetts v. D.C., 319 F.R.D. 408, 413 (D.D.C. 2017) (internal quotation marks omitted).

Phipps's pleading is "rambling and largely incomprehensible." Powers v. U.S. Dep't of Just., 646 F. Supp. 2d 153, 155 (D.D.C. 2009).  The complaint lists as defendants "Mosques, Masjids" in all 50 states of America, without naming any organization or person specifically.  The complaint appears to take issue with Zakat—the Islamic practice of giving a percentage of one's income to charity—but does not explain what Phipps thinks is wrong with the practice or what relief he seeks.  And although Phipps's complaint invokes federal question jurisdiction, he identifies no federal statute, treaty, or provision of the United States Constitution as a basis for his legal claim.  Nor does he allege any violation of state law that the Court could hear in diversity.

The complaint, therefore, fails to meet the minimal pleading requirements of Rule 8(a) and is dismissed without prejudice.  Ciralsky v. CIA, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules.").  A separate order will follow.

CHRISTOPHER R. COOPER  
United States District Judge

Date:  February 2, 2022